**NOT FOR PUBLICATION**

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WEDI CORP., | No. 20-35242 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00671-TSZ |
| v. | |
| BRIAN WRIGHT; HYDRO-BLOK USA LLC; SOUND PRODUCT SALES LLC; HYDROBLOK INTERNATIONAL, LTD., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted March 3, 2021**
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,*** Senior District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

Plaintiff-Appellant wedi Corp. (Plaintiff or wedi) appeals the grant of summary judgment in favor of Defendants-Appellees Brian Wright, Sound Product Sales, LLC, Hydro-Blok USA LLC, and Hydroblok International, Ltd. (Defendants or Hydro-Blok) with respect to Plaintiff's claims for false advertisement in violation of the Lanham Act and the Washington Consumer Protection Act (CPA). Plaintiff also appeals the exclusion of the declarations of undisclosed witnesses and the award of costs to Defendants. We review the district court's grant of summary judgment de novo and the exclusion of witness declarations for an abuse of discretion. *See Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1138 (9th Cir. 1997) (summary judgment); *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 835 (9th Cir. 2011) (declarations).

Plaintiff contends that the following three statements are literally false:

All Hydro-Blok Products Are IAPMO[1] Tested and Certified. (IAPMO Statement).

Hydro-Blok Products Are ICC-ES[2] Tested and Certified. (ICC-ES Statement).

---

[1] IAPMO, International Association of Plumbing and Mechanical Officials, is an organization that develops the codes and standards governing the plumbing industry.

[2] ICC-ES, International Code Council - Evaluation Service, is a non-profit company that performs technical evaluations of building products, components, methods, and materials.

What is HYDRO-BLOK? Put simply it is the easiest, quickest and most user-friendly way to build a water-proof shower or tub surround at a price you can afford. (Affordability Statement).

The Affordability Statement is non-actionable puffery.[3] *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (holding that an advertisement that "impl[ies] lower rates and better services than those of a competitor . . . constitutes puffery and is not actionable as false advertising"). We affirm the district court's entry of summary judgment in favor of Hydro-Blok on this claim.

To prevail, Plaintiff must establish that the IAPMO and ICC-ES Statements were "literally false" as required by the Lanham Act, or had the "capacity to deceive a substantial portion of the public," as required by the CPA. *Southland*, 108 F.3d at 1139; *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 894 (Wash. 2009) (en banc). Plaintiff attempted to establish that the IAPMO Statement was literally false by speculating that products tested by IAPMO were not Hydro-Block Products. Plaintiff acknowledges that IAPMO requires "appropriate

---

[3] The district court did not abuse its discretion when striking Plaintiff's declarations that merely challenged the accuracy of the Affordability Statement, and were untimely because Plaintiff failed to disclose the declarant witnesses prior to the witness disclosure deadline. *See Avila*, 633 F.3d at 835 (holding that the district "court did not abuse its discretion" when excluding declarations "because they were untimely" and not "otherwise admissible").

3

production samples bearing the final appropriate markings," and provided four certificates indicating that Hydro-Blok products have been "tested by an IAPMO R&T recognized laboratory."

Despite this acknowledgment, Plaintiff contends that products tested by IAPMO were not Hydro-Block products because: (1) some of the samples of the products were shipped to IAPMO from a third party that did not manufacture Hydro-Blok products; (2) the testing was conducted before the mass-marketing manufacturing process was completed; and (3) the foam core in a tested Hydro-Blok sample was blue when the core is now green. As the district court concluded, this evidence does not support a justifiable inference that the products tested by IAPMO were not Hydro-Blok products in view of the evidence supporting the opposite inference. Therefore, we affirm the district court's entry of summary judgment in favor of Hydro-Blok on this claim.

Finally, the district court erred when granting summary judgment in favor of Hydro-Blok with respect to the ICC-ES Statement. A material question of fact exists as to whether Hydro-Blok's products were tested by ICC-ES because Plaintiff presented evidence that ICC-ES did not request product samples from Hydro-Blok to test, but rather relied upon IAPMO's tests. A legitimate claim could be made that no testing of Hydro-Blok products was conducted by ICC-ES.

*See Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021) (explaining that an "actionable statement is a specific and measurable claim, capable of being proved false") (internal quotation marks omitted).  Therefore, we reverse the district court's entry of summary judgment in favor of Hydro-Blok with respect to this claim.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART,**[4] **AND REMANDED.**

---

[4]Because the case is being reversed in part, the award of costs is vacated. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1211 (9th Cir. 2016).  Nevertheless, we note that the parties' settlement agreement did not limit costs to those authorized by the Lanham Act or by the CPA.